UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA W.,[1]

                                   Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                                   Defendant.

**DECISION AND ORDER**

1:23-cv-1005-JJM

Plaintiff brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to review the final determination of the Commissioner of Social Security that she was not disabled. Before the court are the parties' cross-motions for judgment on the pleadings [14, 18].[2] The parties have consented to my jurisdiction [27]. Having reviewed their submissions [14, 18, 26], the Commissioner's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

The parties' familiarity with the 998-page administrative record [5, 6, 7] is presumed. On April 28, 2020, plaintiff filed an application for supplemental security income, alleging a disability beginning in April 2002 arising from the conditions of asthma, atrial fibrillation, and arthritis. Administrative Record [5] at 32, 94. Plaintiff's claim was initially

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering.  All other page references are to the CM/ECF pagination.

denied, and denied again upon reconsideration. Id. at 32, 106, 127. Plaintiff requested a hearing. Id. at 32.

## A.    The Hearing

On December 28, 2021, Administrative Law Judge ("ALJ") Stephen Cordovani conducted a hearing by video conference. Id. at 51-92. Plaintiff was represented by an attorney. Id. at 51. At the hearing, plaintiff testified that she lived in a senior apartment with her adult daughter, who took care of things like driving and grocery shopping. Id. at 58-61. Plaintiff had been working as an "[u]p front review clerk" for a healthcare equipment company, until she resigned in April 2020 due to asthma and chronic bronchitis. Id. at 61-62.[3]

Plaintiff testified that she had decreased breathing capacity, and that exertional activities were difficult. Id. at 68-69. She would often need to sit down. Id. at 69. She would avoid scented cleaning products. Id. She had arthritis in her wrists and thumbs. Id. at 71. She had degenerative disc disease in her neck and "probably" in her lower back. Id. She would get a stiff pain in her back that affected her ability to sit for longer than 10 minutes. Id. at 72. She also could not stand in one place for more than 10 minutes or walk comfortably for more than 15-20 feet. Id. at 72-73. Her vasovagal condition sometimes caused her to get lightheaded and dizzy when standing. Id. at 82.

A vocational expert classified plaintiff's previous employment as an "order clerk" (Dictionary of Occupational Titles ("DOT") 249.362-026), "clothes stock sorter" (DOT 789.687-304), and "loan clerk" (DOT 205.367-072). Id. at 86, 89. He testified that an individual with

---

[3]    ALJ Cordovani observed that plaintiff had apparently received employment income as recently as September 2020. Id. at 66.

functional limitations described in ALJ Cordovani's hypothetical could perform all three jobs, both in general and as actually performed by plaintiff. Id. at 89-90.

**B.      The ALJ's Decision**

On March 2, 2022, ALJ Cordovani issued a decision denying plaintiff's claim. Id. at 29-50. He found that plaintiff had the following severe impairments: obesity, degenerative disc disease of the cervical and lumbar spine, vertigo, asthma, chronic bronchitis, and vasovagal syndrome. Id. at 34.

ALJ Cordovani found that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R §416.967(b) with various postural limitations. Id. at 38. She would also need to "avoid concentrated exposure" to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants. Id. She could not be exposed to loud noises, unprotected heights, or dangerous moving mechanical parts. Id.

ALJ Cordovani found that plaintiff had past relevant work and that she retained the ability to perform those jobs. Id. at 44-45. Accordingly, he found that plaintiff was not disabled. Id. at 45.

**C.      Relevant Record Evidence**

In reaching his determination, ALJ Cordovani reviewed plaintiff's testimony, treatment records, and the medical opinions. Id. at 39-44.

Consultative examiner Nikita Dave, M.D., examined plaintiff, reviewed her treatment history, and indicated diagnoses for either asthma or chronic pulmonary disease, COVID, atrial fibrillation, stabilized peptic ulcer disease, hiatal hernia, gastroesophageal reflux disease, low back pain, and post-surgical shoulder. Id. at 493. Plaintiff reported that her daughter

helps her at home, but that she cooks, showers, and dresses herself daily. Id. at 491. Plaintiff reported intermittent pain associated with prolonged sitting, standing, lifting, and changing from sitting to standing. Id. at 490. Objective examination showed limitations in squatting and bending the lumbar spine, but were otherwise largely normal. Id. at 491-92. Dr. Dave opined that "there may be mild to moderate limitations for prolonged sitting, standing, repetitive bending, [and] twisting". Id. at 493. Plaintiff "is likely to benefit from rest intervals and allowances to change position as well as light activity as tolerated". Id. She "may need to avoid smoke, dust, inhaled chemicals, extremes of temperature, and humidity". Id.

State agency medical consultant D. Brauer, M.D. reviewed plaintiff's medical records and Dr. Dave's opinion and concluded that plaintiff could perform light work with certain postural limitations, but could sit, stand, and/or walk for a total of about six hours in an eight-hour workday. Id. at 102-05. Dr. Brauer also found that plaintiff should "[a]void even moderate exposure to" fumes, odors, dusts, gases, and poor ventilation. Id. at 104. Dr. Brauer did not interpret Dr. Dave's opinion as requiring any greater restrictions. Id. at 105. On reconsideration, state agency medical consultant H. Miller, M.D. reviewed the same evidence and adopted the same findings. Id. at 118-24.

**ANALYSIS**

Plaintiff argues that ALJ Cordovani's decision requires remand because: (1) he failed to properly evaluate the opinion of consultative medical examiner Dr. Dave and to incorporate a sit/stand option into the RFC determination; and (2) he improperly rejected medical evidence demonstrating a need for environmental limitations. Plaintiff's Memorandum of Law ("MOL") [14-1] at 15-26.

## A.    Standard of Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York, Inc. v. NLRB, 305 U.S. 197, 229 (1938); *see also* Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Colgan v. Kijakazi, 22 F.4th 353, 359 (2d Cir. 2022).

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920.  The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

## B.    Dr. Dave's Opinion and Sit/Stand Option

Plaintiff argues that the record evidence, including Dr. Dave's opinion, established her need for a sit/stand option, and that ALJ Cordovani erred in failing to include such a limitation in his RFC determination. [14-1] at 14-22. I disagree.

On appeal, "[t]he relevant inquiry is whether the ALJ applied the correct legal standards and whether [his] determination is supported by substantial evidence". Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). It is well-established that the ALJ, not any medical source, is responsible for formulating a claimant's RFC. *See* 20 C.F.R. §§404.1546(c), 404.1527(d)(2), 416.946(c), 416.927(d)(2); *see* Curry v. Commissioner of Social Security, 855 F. App'x 46, 48 (2d Cir. 2021). As such, the RFC need "not perfectly correspond with any of the opinions of medical sources cited in his decision", and the ALJ is "entitled to weigh all of the

evidence available to make an RFC finding that [is] consistent with the record as a whole".

Schillo v. Kijakazi, 31 F.4th 64, 78 (2d Cir. 2022) (*quoting* Matta v. Astrue, 508 F. App'x. 53, 56

(2d Cir. 2013))

In so doing, "[a]n ALJ is entitled to rely on the opinions of both examining and

non-examining State agency medical consultants, because those consultants are deemed to be

qualified experts in the field of social security disability". Douglas C. v. Commissioner of Social

Security, 717 F. Supp. 3d 289, 298 (W.D.N.Y. 2024) (quotation omitted). "As is now well-

established, there is no longer a 'hierarchy of medical sources' in Social Security cases and 'the

ALJ does not defer or give any specific evidentiary weight . . . to any medical opinion." Steven

R. v. Commissioner of Social Security, 2025 WL 762195, *8 (E.D.N.Y. 2025) (*quoting* Colgan,

22 F.4th at 365); *see also* 20 C.F.R. §404.1520c(a). Thus, there is nothing improper about an

ALJ crediting the opinion of a non-examining state agency consultant over that of an examining

source - provided there is substantial evidence in the record for doing so. *See* Camille v. Colvin,

652 F. App'x 25, 28 (2d Cir. 2016) ("the regulations . . . permit the opinions of nonexamining

sources to override [even] treating sources' opinions provided they are supported by evidence in

the record").

Here, ALJ Cordovani relied primarily on the medical consultant's opinions,

finding them "more persuasive", supported by the record, and consistent with objective findings

and plaintiff's activities of daily living, and adopted their opined limitations into his RFC

determination. Id. at 44. He also found Dr. Dave's opinion to be "generally persuasive", but

found statements like "there may be mild to moderate limitations" and "is likely to benefit from

rest intervals and allowances" were not "functionally specific" or otherwise sufficiently

explained. Id. at 43. Thus, he deferred to the medical consultants' functional interpretation of the evidence, which included Dr. Dave's objective findings. Id.

I find nothing improper in ALJ Cordovani's treatment of the medical opinion evidence. Though frequently employed by consultative examiners, terms like "mild" and "moderate" are ambiguous where, as here, they are left undefined in functional terms. *See* Selian v. Astrue, 708 F.3d 409, 421 (2d Cir. 2013); Curry v. Apfel, 209 F.3d 117, 123 (2d Cir. 2000) (such terms can be "so vague as to render [them] useless"). Accordingly, such findings may be subject to interpretation by agency consultants, who are experts in making such determinations. *See* Blau v. Berryhill, 395 F. Supp. 3d 266, 281 (S.D.N.Y. 2019) ("terms such as 'mild' and 'moderate' can constitute substantial evidence where 'the facts underlying that opinion and the other medical opinions in the record lend the terms a more concrete meaning'") (citations omitted); 20 C.F.R. 416.913a(b)(1) ("[s]tate agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation"). I further note that, in making their functional determinations, the medical consultants considered their opinions to be consistent with Dr. Dave's opinion, or at least, not any less restrictive. Id. at 105, 124.

While plaintiff points to her testimony and self-reported symptoms as evidence of greater limitation, ALJ Cordovani discounted those accounts in favor of other evidence. *See* [5] at 39. Such first-person credibility determinations are entitled to "great deference". *See, e.g.*, Christina J. v. Commissioner of Social Security, 695 F. Supp. 3d 357, 362 (W.D.N.Y. 2023). Further, the court is obligated to "defer to the [ALJ's] resolution of conflicting evidence" and reject his findings "only if a reasonable factfinder would have to conclude otherwise". Morris v. Berryhill, 721 F. App'x 25, 29 (2d Cir. 2018) (citations omitted).

Here, there is nothing in the record that would compel the Commissioner to reach a different conclusion. Rather, as ALJ Cordovani's RFC determination is supported by substantial evidence and free of legal error, it must be affirmed.

## C.     Environmental Limitations

Plaintiff argues that ALJ Cordovani's RFC determination failed to adequately explain his RFC findings with respect to environmental limitations, particularly as to fumes, odors, dusts, gases, and poor ventilation. [14-1] at 23-25. I disagree.

Consultative examiner Dr. Dave opined that plaintiff "may need to avoid smoke, dust, inhaled chemicals, extremes of temperature, and humidity". Id. at 493. Medical consultants Dr. Brauer and Dr. Miller seemingly went further and found that plaintiff should "[a]void even moderate exposure to" fumes, odors, dusts, gases, and poor ventilation. Id. at 104, 123. While ALJ Cordovani agreed that plaintiff suffered from asthma and chronic bronchitis (id. at 34), in his RFC determination, he concluded merely that plaintiff would need to "avoid concentrated exposure" to respiratory irritants. Id. at 38.

While there is some discrepancy among those opinions, the RFC need "not perfectly correspond with any of the opinions of medical sources", and the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that is consistent with the record as a whole". Schillo, 31 F.4th at 78. Certainly, "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted". Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, *7. An unexplained omission of a medically supported limitation may require remand. See, e.g., Jacob K. v. Commissioner of Social Security, 2021 WL 4324379, *4 (W.D.N.Y. 2021) ("[b]ecause the ALJ did not provide any reason for

omitting the . . . limitation, this Court has no idea whether the ALJ missed it, ignored it, or disagreed with it for some legitimate reason").

This is not the case here. Here, ALJ Cordovani spends half of a page in his decision explaining his finding regarding plaintiff's environmental limitations. Id. at 42. ALJ Cordovani found that plaintiff's respiratory conditions have been "largely well-controlled" with use of an inhaler. Id. Objective examination findings on various occasions were normal, and chest x-rays were negative. Id. While plaintiff testified that she had breathing issues, she apparently had no asthma or bronchitis exacerbations throughout the previous year. Id.

Thus, ALJ Cordovani adequately explains his treatment of plaintiff's environmental limitations, despite some contrary evidence in the record. Furthermore, the environmental restrictions in the RFC are not necessarily inconsistent with Dr. Dave's opinion; therefore, this is not a case where the RFC determination is left "simply 'unmoored from any medical opinion and based solely upon the ALJ's improper layperson interpretation' of the evidence". John C. v. Kijakazi, 2024 WL 3040240, *2 (W.D.N.Y. 2024) (citations omitted).

Finally, even if greater environmental limitations were appropriate, remand would not be required. That is because the past relevant work identified by the vocational expert and relied upon by ALJ Cordovani does not involve any exposure to environmental hazards. *See* Order Clerk, DOT 249.362-026, 1991 WL 672320 (listing exposure to weather, extreme cold/heat, wetness and/or humidity, atmospheric conditions, toxic caustic chemicals, and other environmental conditions as "Not Present"); Clothes Stock Sorter, DOT 789.687-034 (same); Loan Clerk, DOT 205.367-022 (same)). Thus, any error in assessing those environmental limitations would be harmless. *See, e.g.*, Mark P. O. v. O'Malley, 2024 WL 1219632, *8 (N.D.N.Y. 2024).  For all these reasons, remand is not required.

-10-

## CONCLUSION

For these reasons, the Commissioner's motion for judgment on the pleadings [18] is granted, and plaintiff's motion [14] is denied.

**SO ORDERED**.

Dated: March 17, 2026

/s/ Jeremiah J. McCarthy
JEREMIAH J. McCARTHY
United States Magistrate Judge